■ ARTHUR GRUSKIN, Appellant, v FRIEDMAN-DREW CORPORATION et al., Respondents.—Order, Supreme Court, New York County, entered March 14, 1975, granting defendant's motion for reargument and, upon reargument, vacating the grant of partial summary judgment, unanimously reversed, on the law, summary judgment granted against the corporate defendant, and summary judgment granted in favor of the individual defendant. Appeal from the order of the Supreme Court, New York County, entered January 17, 1975, unanimously dismissed as academic, with one bill of $60 costs and disbursements to plaintiff-appellant affecting this and the above appeal, in view of the determination on the appeal from the subsequent order entered March 14, 1975 granting reargument *(Askin v Askin,* 37 AD2d 804). Cross appeal from that portion of the order of the Supreme Court, New York County, entered March 14, 1975, which foreclosed the offering of parol evidence, permitted to be withdrawn on stipulation of counsel. Arthur Gruskin was employed by the Friedman-Drew Corporation as a mortgage broker. His compensation was based on a percentage of the total commissions received by the corporation on each transaction which

Gruskin arranged. The complaint in two causes of action alleges that the plaintiff is entitled to moneys for services rendered. Annexed to the complaint as exhibits are statements of account of the corporation executed by Gruskin, as well as by the defendant Philip Friedman as an officer of the corporation. There is no explanation offered to impeach the validity of these statements which would create an issue of fact sufficient to deny summary judgment, other than the alleged oral agreement that Gruskin would await payment until actual receipt of the commissions. This oral agreement is in direct conflict, however, with the specific dollar amounts stated to be due and owing. Furthermore, the mere assertion of payment as to two of the items claimed has no evidentiary value, and is a nullity in view of the failure to present documentation of payment or adequate explanation of its absence (cf. *Traubner v Alben Motor Corp.,* 40 AD2d 775). However, while summary judgment was sought both against the corporate defendant and the defendant Friedman individually, it is to be noted that Friedman only signed as a corporate officer. The motion for summary judgment against him individually was properly denied. We accordingly have granted summary judgment against the corporate defendant on all claims and we dismiss the complaint as against the individual defendant. Settle order on notice. Concur—Markewich, J. P., Murphy, Lupiano, Lane and Nunez, JJ.